**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **E.N. BISSO & SON, INC.,** **Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 19-14666** **c/w 20-525** |
| **M/V DONNA J. BOUCHARD, ET AL.,** **Defendants** | **SECTION: "E" (1)** |

***Applies to: Both Cases***

**ORDER AND REASONS**[1]

Before the Court is a Motion for Leave to Conduct Jurisdictional Discovery filed by Boland Marine & Industrial, LLC ("Boland")[2] and adopted by Belle Chasse Marine Transportation, LLC ("Belle Chasse Marine") and John W. Stone Oil Distributor, L.L.C. ("Stone Oil")[3] (collectively, the "Rule B Claimants").[4]

[1] All references to "R. Doc. #" are references to documents filed in *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action no. 19-14666, unless otherwise specified.
[2] R. Doc. 100. Boland did not attach any proposed discovery to this motion. Defendants, Bouchard Transportation Company, Inc., and Tug Donna J. Bouchard Corp. and B. No. 272 Corp., as owners and claimants of the M/V DONNA J. BOUCHARD and Barge B. No. 272, respectively, oppose this motion. R. Doc. 142. Boland filed a reply. R. Doc. 154. Stone Oil adopted Boland's reply. R. Doc. 155.
[3] R. Docs. 149 and 151. Defendants did not file oppositions to Belle Chasse Marine's and Stone Oil's motions to adopt Boland's Motion for Leave to Conduct Jurisdictional Discovery.
[4] Also before the Court is a Motion to Vacate the Attachment of the M/V DONNA J. BOUCHARD and Barge B. No. 272 and Request For Rule E(4)(f) Hearing (the "Motion to Vacate"), R. Doc. 160, and a Motion for Expedited Rule E(4)(f) Hearing on Motion to Vacate the Attachment of the M/V DONNA J. BOUCHARD and B. No. 272 (the "Motion to Expedite"), R. Doc. 161, both filed by Defendants, Tug Donna J. Bouchard Corp. and B. No. 272 Corp., as owners and claimants of the M/V DONNA J. BOUCHARD and Barge B. No. 272. Belle Chasse Marine and Boland oppose the Motion to Vacate. R. Doc. 162. Defendants filed a reply. R. Doc. 165. Pursuant to Rule E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure ("Rule E"), a party moving to vacate a writ of attachment is entitled to a "prompt hearing." Fed. R. Civ. P. Admin. Supp. R. E(4)(f). Rule E does not define the term "prompt." Rather, the Court has discretion to determine when the Rule E(4)(f) hearing will be held. *See* Fed. R. Civ. P. Admin. Supp. R. E(4)(f), Advisory Committee's Note to 1985 Amendment ("[T]he court is required to hold a hearing as promptly as possible to determine whether to allow the arrest or attachment to stand.").



Exhibit C

**BACKGROUND**

This is an admiralty and maritime action involving two vessels, the M/V DONNA J. BOUCHARD and Barge B. NO. 272 (together, the "Vessels"). Pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure ("Rule B"), writs of attachment have been issued[5] and served[6] on the Vessels at the request of Boland and Belle Chasse Marine. Writs of attachment also have been issued on the Vessels at Stone Oil's request.[7] However, due to issues posed by the COVID-19 pandemic, the U.S. Marshal has not yet served Stone Oil's writs of attachment on the Vessels.[8]

A Rule B maritime attachment is authorized when a plaintiff "has a valid prima facie admiralty claim against the defendant."[9] Defendants objected to these writs of attachment on the Vessels on the basis that the Court lacks jurisdiction to adjudicate the Rule B claims brought in this action.[10] The requirement that a plaintiff have a valid prima

---

[5] R. Doc. 62 filed in civil action no. 19-14666; R. Doc. 11 filed in *Belle Chasse Marine Transportation, LLC v. Donna J Bouchard M/V et al*, civil action no. 20-525.

[6] R. Docs. 110-12 (summons of writs of attachment issued at Boland's request and Belle Chasse Marine's request returned executed).

[7] R. Doc. 147.

[8] A warrant of arrest under Rule C also has been issued, R. Doc. 9 filed in *Belle Chasse Marine Transportation, LLC v. Donna J Bouchard M/V et al*, civil action no. 20-525, and served, R. Doc. 110 filed in civil action no. 19-14666, on the Vessels at Belle Chasse's request. A warrant of arrest was issued only on the M/V DONNA J. BOUCHARD at the request of Stone Oil. R. Doc. 146 filed in civil action no. 19-14666. However, due to issues posed by the COVID-19 pandemic, the U.S. Marshal has not yet served Stone Oil's warrant of arrest.

[9] *Schifffahrtsgesellschaft MS N Schelde MBH & Co. KG v. Pola Maritime Ltd.*, Civ. Action No. 16-10726, 2016 WL 3667638, at *1 (E.D. La. July 11, 2016) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)).

[10] In their answer to Boland's complaint, Defendants state: "DONNA J. BOUCHARD and B. No. 272 contest the Court's jurisdiction under 28 USC § 1333, 46 USC § 31341 and general maritime law, and contest that Boland has a right to a Rule B attachment of the defendant vessels, and deny plaintiff's alter ego and single business entity allegation." R. Doc. 158 at 2. Similarly, in their answer to Belle Chasse Marine's complaint, Defendants state: "DONNA J BOUCHARD contests the Court's jurisdiction and contests that Belle Chasse has a right to a Rule B attachment . . . of the defendant." R. Doc. 159 at 2. Further, in their Motion to Vacate the Attachment of the M/V Donna J. Bouchard and Barge B. No. 272 and Request for Rule E(4)(f) Hearing, Defendants argue: "Defendants have attacked the Rule B Claimants' Rule B attachments as meritless," thereby placing the Court's admiralty jurisdiction at issue. 160 at 1 (arguing "the Rule B claimants' alter ego

facie case in admiralty for this Court to have jurisdiction derives from 28 U.S.C. § 1333(1), under which district courts have "original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction" and "[a]ny prize brought into the United States and all proceedings for the condemnation of property taken as prize."[11]

In order for the Court to have admiralty jurisdiction in these consolidated actions, the Rule B Claimants must have alleged an alter ego theory of liability.[12] In this case, the nominal owners of the vessels to which the Rule B Claimants allegedly provided maritime services differ from the owners of the Vessels on which the writs of attachment have been served, the M/V DONNA J. BOUCHARD and Barge B. No. 272,[13] which are respectively owned by Tug Donna J. Bouchard Corp. and B. No. 272 Corp.

Boland alleges it provided services to the following vessels: M/V LINDA LEE BOUCHARD; BARGE B. NO. 205; M/V RALPH E. BOUCHARD; BARGE B. NO. 230; M/V DANIELLE E. BOUCHARD; BARGE B. NO. 245; BARGE B. NO. 270; M/V BOUCHARD GIRLS; BARGE B. NO. 295; and M/V GEORGE BETZ.[14] Boland alleges the nominal owners of these vessels are, respectively: Tug Linda Lee Corp., Barge B. No. 205 Corp., Tug Ralph E. Bouchard Corp., B. No. 230 Corp., Tug Danielle M. Bouchard Corp.,

allegations are legally insufficient to permit the attachments). Although "Stone Oil's writ of attachment has not been served," Defendants "nevertheless address Stone Oil's Rule B attachment" in their Motion to Vacate. R. Doc. 160-1 at 2 n.4.

[11] 28 U.S.C. § 1333; *Lozman v. City of Riviera Beach*, 133 S. Ct. 735, 739 (2013); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012).

[12] *ING Bank N.V. v. M/V Portland, IMO No. 9497854*, Case No. 3:15-cv-00805-JWD-RLB, 2016 WL 3365426, at *6 (M.D. La. Jun. 16, 2016) (citations omitted) ("With constitutional roots, this statute both grants a district court the authority to grant attachments . . . and provides a sufficient basis for a court taking jurisdiction over alter ego claims relating to the effected vessel.").

[13] R. Doc. 62 filed in civil action no. 19-14666; R. Doc. 11 filed in *Belle Chasse Marine Transportation, LLC v. Donna J Bouchard M/V et al*, civil action no. 20-525.

[14] R. Doc. 57 at ¶¶ 9-10.

B. No. 245 Corp., B. No. 270 Corp.; Tug Bouchard Girls Corp.; B. No. 295 Corp.; and Tug J. George Betz, Corp.[15]

With respect to its Rule B claim, Stone Oil alleges it provided services to the following vessels: M/V LINDA LEE BOUCHARD; BARGE B. NO. 205; M/V BOUCHARD GIRLS; and BARGE B. NO. 295.[16] Stone Oil alleges the nominal owners of these vessels are, respectively: Tug Linda Lee Bouchard Corp.; Barge B. No. 205 Corp.; Tug Bouchard Girls Corp.; and B. No. 295 Corp.[17]

With respect to its Rule B claim, Belle Chasse Marine alleges it provided services to the following vessels: M/V DANIELLE M. BOUCHARD; the M/V BRENDAN BOUCHARD; the M/V KIM M BOUCHARD; the M/V RALPH E. BOUCHARD; the M/V MARION C. BOUCHARD; the M/V RALPH E. BOUCHARD; the M/V CAPT. FRED BOUCHARD; the M/V LINDA LEE BOUCHARD; the M/V J GEORGE BETZ; the M/V BOUCHARD GIRLS; and the M/V LEIGH ANN BOUCHARD.[18]

On March 25, 2020, Boland filed a Motion for Leave to Conduct Jurisdictional Discovery.[19] Boland represents "[a]ll of the plaintiffs' Rule B claims, Boland's included, are based on an alter ego theory of recovery seeking to pierce the corporate veils between the defendant-parent company, Bouchard Transportation Company, Inc. ("Bouchard") and its nominal, subsidiary vessel owning companies (collectively, the "Bouchard Defendants")."[20] According to Boland, jurisdictional discovery is necessary to "support []

---

[15] *Id.* at ¶ 5.
[16] R. Doc. 144 at ¶¶ 9-10.
[17] *Id.* at ¶ 5.
[18] R. Doc. 1 at ¶ 5 filed in *Belle Chasse Marine Transportation, LLC v. Donna J Bouchard M/V et al*, civil action no. 20-525. Belle Chasse Marine does not allege the names of the nominal owners of these vessels.
[19] R. Doc. 100. Defendants oppose this motion. R. Doc. 142. Boland filed a reply. R. Doc. 154. Stone Oil adopted Boland's reply. R. Doc. 155.
[20] R. Doc. 100-1 at 2.

its alter ego theory of recovery against the Bouchard Defendants" under Rule B.[21] Belle Chasse Marine and Stone Oil subsequently adopted Boland's Motion for Leave to Conduct Jurisdictional Discovery.[22] To date, the parties have not reached an agreement regarding discovery, and no discovery has been conducted. The issue before the Court is whether the Rule B Claimants are entitled to discovery into facts supporting their assertion the Court has jurisdiction over their claims under Rule B because Bouchard Transportation is the alter ego of the owners of the M/V DONNA J. BOUCHARD and Barge B. No. 272, as well as the alter ego of the owners of the vessels to which the Rule B Claimants provided necessaries.

**LAW AND ANALYSIS**

Judge John DeGravelles examined this issue in his comprehensive and well-reasoned opinion in *ING Bank N.V. v. M/V Portland*.[23] In that case the plaintiff requested jurisdictional discovery to support the court's admiralty jurisdiction. In considering the request, Judge DeGravelles explained:

> First, the scope of discovery under the Federal Rules of Civil Procedure is broad, bounded by a few construed limits. Second, whenever a factual question regarding a court's jurisdiction exists, a party is traditionally entitled to receive an opportunity to secure and present evidence related to this threshold issue, and the decision regarding such discovery's appropriateness lies wholly within the relevant trial court's discretion. Third (and relatedly), if such discovery is permitted, it should be circumspectly monitored and tightly demarcated. In general, then, the party is normally allowed to do no more than necessary to verify allegations of specific facts crucial to a federal court's jurisdictional determination. Undeniably, admiralty, the substantive law which governs this suit, often compels the application of unique principles. Nevertheless, these precepts' retain their potency whenever jurisdictional questions arise at a case's commencement.[24]

[21] R. Doc. 100-1 at 10.
[22] R. Docs. 149 and 151.
[23] IMO No. 9497854, Case No. 3:15-cv-00805-JWD-RLB, 2016 WL 3365426 (M.D. La. Jun. 16, 2016).
[24] *Id*. at *2.

Judge DeGravelles further explained, with respect to Rule B attachment actions, "[w]hen one party articulates an alter ego claim and another attacks it as purportedly insufficient, the extent of a court's admiralty jurisdiction has been placed at issue."[25]

In this case, Defendants have attacked the Rule B Claimants' attachments as meritless,[26] thereby placing the Court's admiralty jurisdiction at issue. Having applied the principles governing jurisdictional discovery to this case, the Court concludes the Rule B Claimants have alleged sufficient facts that, if substantiated, would support the Court's *in rem* jurisdiction over the Vessels and *in personam* jurisdiction over Bouchard Transportation.

In accordance with § 1333(1), any district court has "original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction" and "[a]ny prize brought into the United States and all proceedings for the condemnation of property taken as prize."[27] "[T]his statute both grants a district court the authority to grant attachments . . . and provides a sufficient basis for a court taking jurisdiction over alter ego claims relating to the effected vessel."[28] Indeed, the Fifth Circuit has clearly held "a court which has jurisdiction over a corporation has jurisdiction over its alter egos."[29] It is for this reason that, "when one party articulates an alter ego claim and another attacks it as purportedly insufficient, the extent of a court's admiralty jurisdiction has been placed

---

[25] *Id.* at *6 (citations omitted).

[26] R. Doc. 160 at 1 (arguing "the Rule B claimants' alter ego allegations are legally insufficient to permit the attachments). Although "Stone Oil's writ of attachment has not been served," Defendants "nevertheless address Stone Oil's Rule B attachment" in their Motion to Vacate. R. Doc. 160-1 at 2 n.4.

[27] 28 U.S.C. § 1333; *Lozman*, 133 S. Ct. at 739; *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. at 748.

[28] *ING Bank*, 2016 WL 3365426 at *6 (citing *Flame S.A. v. Freight Bulk Pte Ltd.*, 807 F.3d 572, 582 (4th Cir. 2015); *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294 (9th Cir. 1997); *Atlanta Shipping Corp. v. Chem. Bank*, 631 F. Supp. 335, 341 (S.D.N.Y. 1986)).

[29] *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 586 (5th Cir. 2010).

at issue, and federal common law must be consulted."[30] "In addition, the establishment of a non-party's status as an alter ego and the precise import of an alleged agency relationship in attachment matters frequently necessitates resolution of an intensely factual jurisdictional inquiry over which this Court may exercise its constitutional and statutory authority in admiralty cases."[31] "Since a court's jurisdiction over an alter ego is coextensive with its jurisdictional reach over the sham (or dummy) corporation, facts relevant to an alter ego analysis are ineluctably jurisdictional in nature and often clouded at a case's inception."[32]

To determine whether discovery is proper to resolve jurisdictional issues, the Court consults the Federal Rules of Civil Procedure. Whereas Rule 26 sets forth the basic limits of discovery,[33] Rule 1 sets forth the overarching tenets of efficiency and justice intended to guide the Court's interpretation of the Federal Rules of Civil Procedure.[34] Rule 26 is afforded broad and liberal treatment to achieve its purpose of permitting parties to obtain the discovery reasonably necessary to afford a fair opportunity to develop their cases.[35] "Pursuant to Rules 1 and 26, discovery should rarely be restricted if ostensibly relevant evidence lies in another's files on the basis of alleged irrelevance or asserted, but unproved, inconvenience."[36] The Court has "broad" discretion to define these discovery boundaries.[37]

---

[30] *ING Bank*, 2016 WL 3365426 at *6 (citing *Sabine Towing & Transp. Co. v. Merit Ventures, Inc.*, 575 F. Supp. 1442, 1446 (E.D. Tex. 1983)).
[31] *Id.* (citations omitted).
[32] *Id.* (citations omitted).
[33] Fed. R. Civ. P. 26.
[34] Fed. R. Civ. P. 1.
[35] *See Herbert v. Lando*, 441 U.S. 153, 176 (1979); *see also Trevion v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983).
[36] *ING Bank*, 2016 WL 3365426 at *7.
[37] *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000).

Case law confirms that "[w]hen . . . . there is . . . a factual question regarding a district court's jurisdiction, the district court must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction."[38] "[C]ourt after court has authorized such precisely focused discovery in admiralty cases."[39] Even more specifically, such discovery has been authorized in the context of Rule E(4)(f) proceedings.[40] "[M]any courts have passed upon the merits of Admiralty Rule E motions to vacate only after they first provided the party asserting jurisdiction with just such an opportunity."[41] "[W]hile jurisdictional discovery may always be denied, the existence of a reasonable possibility of finding sufficient proof can often tip the scale in its favor," and, "[a]rguably, it may even be required in such circumstances.[42]

The Rule B Claimants' complaints in this case are sufficient to trigger the right to discovery. With this Court's jurisdiction at issue, and in light of the pro-discovery mandate encoded in Rules 1 and 26, the Rule B Claimants' Motion for Leave to Conduct Jurisdictional Discovery must be granted.

**CONCLUSION**

**IT IS ORDERED** that the Motion for Leave to Conduct Jurisdictional Discovery[43] is **GRANTED.**

Because neither Boland nor the other Rule B Claimants provided proposed discovery in connection with their motions, the Court is unable to rule on the exact nature

---

[38] *ING Bank*, 2016 WL 3365426 at *8 (citations omitted).
[39] *Id.* (collecting cases).
[40] *Id.* (noting in *KPI Bridge Oil Singapore PTE Ltd. v. Berlian Laju Tanker Tbk PT*, No. C 12-00710 WHA, 2012 U.S. Dist. LEXIS 37751, at *12-13 (N.D. Cal. Mar. 20, 2012, the district court found "an alter ego claim had been alleged with sufficient detail to trigger a right to jurisdictional discovery when the complaint stated that one entity had been "dominated and controlled" by another.").
[41] *Id.* at *9 (collecting cases).
[42] *Id.* (citing *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (affirming the denial of discovery on questions of personal jurisdiction where the discovery sought could not have added any significant facts)).
[43] R. Doc. 100.

and scope of discovery that will be allowed. The Court will require that the Rule B Claimants work together to propound one joint set of written discovery. The Rule B Claimants will not be allowed to each propound their own, separate written discovery.

In the event the Rule B Claimants request depositions of the corporate representatives of Bouchard Transportation, Tug Donna J. Bouchard Corp., B. No. 272 Corp., and the subsidiaries that own the vessels to which the Rule B Claimants provided services as alleged in their respective complaints, the Rule B Claimants must conduct these depositions jointly, and repetitive questioning will not be allowed. If logistics necessitate, the depositions are to be done via video conference.

The Court has scheduled a telephone status conference for **Monday, May 4, 2020 at 10:15 a.m.**,[44] for the purpose of discussing the scope and timing of the discovery.[45,46] The Court will provide the parties with the call-in instructions necessary to participate in this telephone conference.

**New Orleans, Louisiana, this 3rd day of May, 2020.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

44 R. Doc. 166.

45 The parties may wish to enter a protective order that will protect any sensitive financial or other records produced in discovery.

46 The Court further has discretion to determine the format of the Rule E(4)(f) hearing. *See Salazar v. Atlantic Sun*, 881 F.2d 73, 79 (3d Cir. 1989) ("The Supplemental Admiralty Rules do not specify what form the post-arrest hearing must follow. Consequently, the type of proceeding is left to the discretion of the district court. Whether a full adversary hearing with testimony and cross-examination of witnesses in open court is necessary depends on the nature of the issues in controversy."). Because the Court has granted the Rule B Claimants' request to conduct jurisdictional discovery, the Rule E(4)(f) hearing cannot be held until after this discovery has been completed. At the telephone status conference, the parties also should be prepared to discuss the format and timing of the Rule E(4)(f) hearing.